UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

-vs-                                                    Case No.      5:04-cr-19-Oc-10GRJ

PAMELA G. STAAKE
_____/

## REPORT AND RECOMMENDATION[1]

This matter is before the Court on the Order of Reference entered on July 17,

2006. (Doc. 286.) This case is presently pending on appeal in the United States Court of

Appeals for the Eleventh Circuit as case no. 06-12972-B. The Court of Appeals issued

an order remanding the case to this Court for the purpose of determining whether the

notice of appeal was deposited with prison officials for forwarding in accordance with

the time requirements of Fed. R. App. P. 4(b) and (c). This Court issued an Order

directing the Defendant to file an affidavit and brief detailing the date the notice of

appeal was delivered to prison officials for forwarding to this Court. (Doc. 287.) In the

event the notice of appeal was delivered to prison officials before March 10, 2006, the

Defendant was also directed to address the reasons for the late filing and any

information establishing excusable neglect or good cause for the late filing. The

Defendant has filed a brief (Doc. 289) and an affidavit (Doc. 291) in response to the

Court's Order.  The United States has filed a Response (Doc. 292) and,  accordingly,

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. §636, and Rule 6.02, Local
Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely
objections shall bar the party from a *de novo* determination by a district judge and from attacking factual
findings on appeal.

this matter is now ripe for decision.

For the reasons that follow, the Court concludes that the Defendant's notice of appeal was not filed timely and that because the notice was filed well beyond forty days after entry of judgment it is unnecessary for the Court to consider whether the late filing was the result of good cause or excusable neglect.

## I.  Background And Facts

The Defendant was sentenced by this Court on January 19, 2006 and the final judgment of conviction was entered on January 25, 2006. (Doc. 253.) Thus, the deadline within which the Defendant was required to file her notice of appeal was February 8, 2006. The Defendant states in her affidavit that she "prepared the notice of appeal, found a Notary and mailed it [the notice of appeal] on the same day."[2] Defendant represents that she believes it was mailed on May 15, 2006 and the "letter was put into the drop box I [in] the front hall of Housing Dormitory C South."[3] The Court's docket reflects that the notice of appeal was received and docketed on May 19, 2006. (Doc. 275.)

## II.  Legal Analysis

In a criminal case a defendant is required to file the notice of appeal within ten days after the entry of judgment.[4]  Further, where a notice of appeal is filed after the expiration of the ten day period for filing a notice of appeal but before the lapse of forty

---

[2] Doc. 291.

[3] *Id.* Defendant's affidavit discloses that she was housed at FCI Tallahassee at the time.

[4] Fed. R. App. P. 4(b)(1)(A)

days (ten plus thirty) the notice of appeal is treated as a motion for extension of time under Fed. R. App. P. 4(b)(4).[5]  Under Rule 4(b)(4) the Court may authorize an extension of time upon a finding of "excusable neglect or good cause."

Here, the Defendant concedes that the notice of appeal was deposited with prison officials for forwarding to this Court 110 days after the entry of the judgment and, therefore, an evaluation of possible reasons for excusable neglect or good cause is not required. Instead, Defendant argues that she should be entitled, nonetheless, to a belated appeal because her attorney advised her that she could not take an appeal. According to Defendant, she filed the notice of appeal as soon as she learned from her own legal research "that defendants may appeal some issues even if they waived their right to appeal."

Relying upon *Roe v. Flores-Ortega*[6] Defendant suggests that she may be entitled to a belated appeal if she told her attorney that she wished to appeal and counsel told her she could not appeal because of the waiver of the right to appeal in her plea agreement. However, *Roe v. Flores-Ortega* is not applicable to direct appeals, as here, where the issue concerns whether the defendant's late filed notice of appeal should be excused. Rather, *Flores-Ortega* sets forth the standard and appropriate analysis courts should utilize when presented with motions for post-conviction relief under 28 U.S.C. § 2255 based upon a claim of ineffective assistance of counsel with regard to the failure to file a notice of appeal.  Accordingly, *Flores-Ortega* provides no support for

---

[5]  *See,* United States v. Ward, 696 F.2d 1315, 1317-18 (11th Cir.), *cert denied,* 461 U.S. 934 (1983)

[6]  528 U.S. 470, 120 S.Ct. 1029, 1035, 145 L.Ed.2d 985 (2000).

Defendant's request that the Court should excuse the late filed notice of appeal.

Because there is no dispute that the Defendant deposited her notice of appeal with prison officials for forwarding beyond the required ten day period for filing notices of appeal - and beyond the forty day period during which the Court could excuse the late filing based upon a showing of good cause or excusable neglect - the notice of appeal was filed untimely and there are no grounds upon which the Court is authorized to excuse the late filing.

### III.  Recommendation

Pursuant to the remand by the Eleventh Circuit, it is respectfully

**RECOMMENDED** that the Eleventh Circuit be advised that Defendant's notice of appeal was delivered to prison officials for forwarding on May 15, 2006, 110 days after the entry of the judgment, and as such there is no need to determine whether the reasons for the late filing constitute good cause or excusable neglect to extend the time for filing.

**IN CHAMBERS** at Ocala, Florida this 31st day of August, 2006.

GARY R. JONES
United States Magistrate Judge

Copies to:
      Honorable Wm. Terrell Hodges
      Senior United States District Judge

      United States (Gable)
      Counsel for Defendant
      Defendant